**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DIANE DIMALALUAN, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-13104 |
| v. | : |
| WELLS FARGO BANK, N.A. and JOHN DOES 1-5 AND 6-10, | : **NOTICE OF REMOVAL** |
| Defendants. | : |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1332(a), Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), by counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County, to this Court. The grounds for removal are as follows:

**I.    Proceedings to Date.**

1.    On or about April 16, 2019, Plaintiff Diane Dimalaluan ("Plaintiff") filed a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Camden County, captioned *Diane Dimalaluan, Plaintiff, v. Wells Fargo Bank, N.A. and John Does 1-5 and 6-10, Defendants*, Docket No. CAM-L-1487-19.

2.    Defendant was served the Summons and Complaint as described above on May 1, 2019.

3.    This Notice of Removal is timely filed within 30 days of service of the Complaint on Defendant and therefore is timely pursuant to 28 U.S.C. §1446(b)(2).

4.    Pursuant to 28 U.S.C. §1446(a), a copy of the Summons, Complaint, Case Information Statement and Track Assignment Notice, which is all the process or pleadings that have been served on Defendant to date, is attached hereto as Exhibit A.

**II.    First Grounds for Removal – Diversity of Citizenship.**

5.    According to the Complaint, and on information and belief, Plaintiff is a citizen of the State of New Jersey.

6.    Defendant Wells Fargo Bank, N.A., is a national banking association and a federally chartered bank.  As such, it is a citizen of the state in which its main office is located, as set forth in its Articles of Association.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).  The main office of Wells Fargo Bank, N.A., is located in Sioux Falls, South Dakota.  Wells Fargo Bank is accordingly a citizen of the State of South Dakota.

7.    Diversity of citizenship existed among the parties when the Complaint was filed on or about April 16, 2019.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

8.    The matter in controversy exceeds $75,000 for the following reasons:

a.    The Plaintiff is seeking economic damages, including back pay and front pay;

b.    The Plaintiff is seeking emotional distress damages; and

c.    The Plaintiff is seeking punitive damages, which are to be included when considering the amount in controversy.  *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).

9.    Therefore, the United States District Court for the District of New Jersey has subject matter jurisdiction under 28 U.S.C. §1332(a) because this is a civil action in which there

2

is complete diversity between Plaintiff and Defendant and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Consequently, this action is removable to federal court pursuant to 28 U.S.C. §1441.

**III.     Second Grounds for Removal – Federal Question.**

11.     In Counts I and II of the Complaint, Plaintiff alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Accordingly, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 which states, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the U.S."

12.     Because this Court has federal question jurisdiction over Plaintiff's Complaint, this action may be removed to this Court. *See* 28 U.S.C. § 1441.

**IV.     Venue.**

13.     This action is currently pending in the Superior Court of New Jersey, Law Division, Camden County, which is within this judicial district. 28 U.S.C. §110. This Court is accordingly the proper venue for removal.

**V.     Notice.**

14.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Law Division, Camden County and is being served upon Plaintiff's counsel of record.

**VI.     Conclusion.**

15.     For the foregoing reasons, Defendant hereby removes this action from State Court to this Court.

3

16.     By filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it.

Respectfully submitted,

By:    */s/ Colleen P. Tandy*
     Colleen P. Tandy, Esq.
     FISHER & PHILLIPS LLP
     430 Mountain Ave., Suite 303
     Murray Hill, NJ 07974
     Phone:  (908) 516-1050
     Fax:  (908) 516-1051
     E-Mail:  ctandy@fisherphillips.com
     Attorneys for Defendant
     Wells Fargo Bank, N.A.

Dated:  May 30, 2019

4

# EXHIBIT A

LAW OFFICES OF ERIC A. SHORE
Toni L. Telles, Esquire
Attorney ID: 00355-2009
4 Echelon Plaza
201 Laurel Road ~ 8th Floor
Voorhees, New Jersey 08043
(856) 433-6228
(856) 433-6230 - Telefax
ToniT@EricShore.com
Attorney for Plaintiff, Diane Dimalaluan

| | |
|---|---|
| DIANE DIMALALUAN<br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; and,<br>John Does 1-5 and 6-10<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>Docket Number<br>CAM-L-1487-19  /<br><br>Civil Action |

CIVIL SUMMONS ISSUED TO DEFENDANT,
WELLS FARGO BANK, N.A.

To:    Wells Fargo Bank, N.A.

FROM THE STATE OF NEW JERSEY:

The Plaintiff, Diane Dimalaluan, has filed a lawsuit against you in the Camden County Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Camden County within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division   Management   Office   in   Camden   County,   and   online   at

http://www.njcourts.gov/forms/10153_deputyclerklawrf.pdf). If the complaint is one in foreclosure then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if not attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with the appropriate filing fee and a completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in Camden County and online at http://www.njcourts.gov/forms/10153_deputyclerklawref.pdf.

> Michelle M. Smith
> Clerk, Superior Court of New Jersey

Dated: _____ April 24, 2019 _____


Name of Defendant to be Served:
> Wells Fargo Bank, N.A.

Address of Defendant to be Served:
> Wells Fargo Bank, N.A.
> c/o Registered Agent:
> Corporation Service Company
> Princeton South Corporate Center ~ Suite 160
> 100 Charles Ewing Boulevard
> Ewing, New Jersey 08628

2

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 1 of 9 Trans ID: LCV2019672325

LAW OFFICES OF ERIC A. SHORE
Toni L. Telles, Esquire
Attorney ID: 00355-2009
4 Echelon Plaza
201 Laurel Road ~ 8th Floor
Voorhees, New Jersey 08043
(856) 433-6228
(856) 433-6230 - Telefax
ToniT@EricShore.com
Attorney for Plaintiff, Wendell Busby

| | |
|---|---|
| DIANE DIMALALUAN<br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; and,<br>John Does 1-5 and 6-10<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>Civil Action |

## COMPLAINT and JURY DEMAND

On behalf of the Plaintiff
Diane Dimalaluan

Plaintiff, Diane Dimalaluan, residing in the City of Deptford, Gloucester County, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This case is brought under New Jersey Law Against Discrimination ("LAD") for association discrimination, as well violations of the Family Medical Leave Act ("FMLA") for interference and retaliation.

## Identification of Parties

1.      Plaintiff, Diane Dimalaluan, is a resident of the State of New Jersey and was, at all relevant times herein, an employee of Defendant.

2.      Defendant, Wells Fargo Bank, N.A., (hereinafter "Defendant"), is a corporate entity doing business in New Jersey and was, at all relevant times herein, the employer of Plaintiff.

3.      Defendants John Does 1-5 and 6 -10 are individuals and/or entities who, on the basis of *respondeat superior* or on the basis of their own acts, are liable to the Plaintiff for the reasons set forth in this Complaint.

## General Allegations

4.      Ms. Dimalaluan was employed by Defendant since approximately November, 2010.

5.      During her tenure, she received multiple promotions and most recently held the position of Bank Manager III.

6.      Beginning in 2016, Ms. Dimalaluan requested intermittent leave under the Family and Medical Leave Act ("FMLA") in order to assist with her father's medical care.

7.      Her initial FMLA request covered the period from October 18, 2016 through October 30, 2017.

8.      During this time period, Ms. Dimalaluan was able to utilize her leave time without issue.

9.      In or around January 2018, Lance Tartt became Ms. Dimalaluan's new District Manager.

2

10.     In this same timeframe, she was again approved for intermittent FMLA from January 19, 2018 to January 18, 2019.

11.     Upon her first meeting with Mr. Tartt, she explained that she would likely need to utilize her intermittent FMLA leave time in the upcoming months.

12.     Beginning in March 2018, Mr. Tartt began to actively interfere with Ms. Dimalaluan's use of her protected FMLA leave time.

13.     For example, on or about March 22, 2018, Ms. Dimalaluan called out of work in order to care for her father.

14.     Although Mr. Tartt was on notice that she was out on leave that day, he began texting her about work-related issues.

15.     Again, on March 28, 2018, Ms. Dimalaluan needed to be out of work and use FMLA time to care for her father and Mr. Tartt asked, "Why are you always calling out? Why don't you take extended leave of absence instead?"

16.     When she expressed that she might also need to care for her father the next day as well, Mr. Tartt threatened that she "better be in attendance for tomorrow's meeting."

17.     Out of fear of losing her job, Ms. Dimalaluan took only a partial day off of work instead of the full day that she truly needed.

18.     On March 29, 2018, Ms. Dimalaluan filed a complaint with Human Resources in which she cited Mr. Tartt's attempts to discourage her from taking her FMLA leave to which she was entitled to under the law.

19.     In response to Ms. Dimalaluan's complaint, an HR specialist contacted her and asked that she provide examples of Mr. Tartt's intimidating behavior.

3

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 4 of 9 Trans ID: LCV2019672325

20.     Based on the information provided, her concerns were escalated to an HR consultant named Dorothy Miller, who suggested that she meet with Mr. Tartt to discuss his behavior.

21.     Neither Ms. Miller nor anyone else in Human Resources took any steps to stop Mr. Tartt's behavior.

22.     Instead, Ms. Dimalaluan was encouraged to confront her supervisor about his unlawful conduct.

23.     The conversation between Ms. Miller and Ms. Dimalaluan regarding Mr. Tartt's retaliatory behavior for Ms. Dimalauan occurred on April 6, 2018.

24.     Following her conversation with the HR specialists, Ms. Dimalaluan noted that Mr. Tartt's name had been attached to her complaint and he had, therefore, been made aware that she had reported an issue involving him.

25.     This was deeply concerning to Ms. Dimalaluan given his previously intimidating behavior, but she moved forward with scheduling a meeting with him.

26.     Ms. Dimalaluan planned to speak to Mr. Tartt about his conduct on April 12, 2018 during a branch visit.

27.     As Mr. Tart was clearly aware of Ms. Dimalauan's complaint, his conduct on this day — less than a week after her complaint — can be characterized as nothing short of retaliatory.

28.     As soon as Mr. Tartt arrived at the branch, instead of discussing Ms. Dimalaluan's concerns with her, he contacted HR on the telephone and informed Ms. Dimalaluan that she was being investigated for an alleged "work policy" violation.

4

29.     The alleged violation involved Ms. Dimalaluan's Power of Attorney (hereinafter "POA") involving her father's affairs.

30.     Ms. Dimalaluan was questioned specifically about her care for her father and her actions taken at the bank regarding the POA.

31.     Less than two weeks later, at a time when Ms. Dimalaluan was under extreme distress in taking care of her ill father's affairs, the Gloucester County Adult Protective Services arrived at Ms. Dimalaluan's residence for an allegation of "financial abuse."

32.     Ms. Dimalaluan has a Power of Attorney on file with the Defendant and this POA was updated the day after the visit from the Gloucester County Adult Protective Services,.

33.     On or about May 21, 2018, while still on FMLA leave, Ms. Dimalaluan was called by District Manager, Denise Mascio to meet Mr. Tartt for a "one on one" coaching session.

34.     Instead of a coaching session, Ms. Dimalaluan met with Mr. Tartt and District Manager Kevin Rankin, who informed her she was being terminated for a policy violation.

35.     Ms. Dimalaluan was never provided any opportunity to explain anything and specifically asked why her POA was not reviewed.

36.     She was provided no documentation regarding the reasons for her termination at that time.

## COUNT I
### FMLA – INTERFERENCE

37.     Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

38.     Defendant was an eligible employer under the FMLA.

39.     Plaintiff was entitled to FMLA leave.

5

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 6 of 9 Trans ID: LCV20|9672325

40.  Plaintiff was harassed and ultimately terminated.

41.  The harassment and termination interfered with Plaintiff's right to take FMLA leave.

42.  Defendant's action was related to the exercise or attempted exercise of Plaintiff's FMLA rights.

43.  The conduct of Defendants was especially egregious.

44.  The wrongdoers were members of upper management, therefore punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendants, Wells Fargo Bank, N.A. and John Does 1-5 and 6-10, jointly and/or severally and in the alternative, together with compensatory damages, liquidated damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just.

## COUNT II
### FMLA – RETALIAION

45.  Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

46.  Defendant was an eligible employer under the FMLA.

47.  Plaintiff was entitled to FMLA leave.

48.  Plaintiff was harassed and ultimately terminated.

49.  The harassment and termination was causally connected to Plaintiff's request and/or use of FMLA.

50.  The conduct of Defendants was especially egregious.

51.  Any other reason offered for Plaintiff's termination is pretext.

6

WHEREFORE, Plaintiff demands judgment against the Defendants, Wells Fargo Bank, N.A. and John Does 1-5 and 6-10, jointly and/or severally and in the alternative, together with compensatory damages, liquidated damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just.

## COUNT III
## EQUITABLE RELIEF

52.   Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though filly set forth herein.

53.   Plaintiff requests this Court declare the practices stated herein to be a violation of the FMLA.

54.   Plaintiff requests equitable reinstatement, with equitable back pay, equitable front pay and all benefits received by Plaintiff as a result of his employment equitably restored.

55.   Plaintiff requests Defendants purge their files of any reference to Plaintiff's termination which this Court finds in violation of the FMLA.

56.   Plaintiff requests any other equitable relief this Court deems reasonable and just.

WHEREFORE, Plaintiff demands judgment against the Defendants, Wells Fargo Bank, N.A. and John Does 1-5 and 6-10, jointly and/or severally and in the alternative, together with compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve any and all physical, electronic and/or digital information or data pertaining in any way to Plaintiff's employment, to Plaintiff's allegations, causes of action or defense to Plaintiff's allegations or causes of action as well as any and all evidence pertaining to any party or employee of any party, including but not limited to physical,

7

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 8 of 9 Trans ID: LCV2019672325

electronic and/or digital data (electronically stored information), web pages, social media profiles, pages or identities, emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

In terms of paper information, Defendants are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, reports, documents, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

<u>JURY DEMAND & TRIAL COUNSEL DESIGNATION</u>

Plaintiff hereby demands a trial by jury. Toni L. Telles, Esquire of the Law Offices of Eric A. Shore is hereby designated trial counsel.

<u>CERTIFICATION PURUSANT TO RULE 4:5-1</u>

I, Toni L. Telles, Esquire, hereby certify and state as follows:

8

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 9 of 9 Trans ID: LCV2019672325

1.      I am an attorney, licensed to practice law in the State of New Jersey and am responsible for the above-captioned matter.

2.      To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

*I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.*

THE LAW OFFICES OF ERIC A. SHORE

By:    _____

TONI L. TELLES, ESQUIRE

Dated: _____ April 8, 2019 _____

9

CAM-L-001487-19   04/16/2019 9:56:57 AM   Pg 1 of 2 Trans ID: LCV2019672325

## Appendix XII-B1

| | **CIVIL CASE INFORMATION STATEMENT (CIS)** | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|---|
| | | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| *(seal: SEAL OF THE SUPERIOR COURT OF NEW JERSEY 1835★1953)* | Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | | CHG/CK NO. |
| | | | AMOUNT: |
| | | | OVERPAYMENT: |
| | | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Toni L. Telles, Esquire | (856) 433-6228 | Camden  ▼ |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Law Offices of Eric A. Shore | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| Four Echelon Plaza ~ 8th Floor 201 Laurel Road Voorhees, New Jersey 08043 | Complaint with Jury Demand |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Diane Dimalaluan, Plaintiff | Diane Dimalaluan v Wells Fargo Bank, N.A., et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 618 - NJLAD | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES  ■ No | Unknown |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES  ☐ No | ☐ NONE  ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES  ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

None

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES  ☐ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 10/10/2018, CN 10517

page 1 of 2

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 2 of 2 Trans ID: LCV2019672325



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 282 | FOSAMAX | 300 | TALC-BASED BODY POWDERS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 601 | ASBESTOS |
| 286 | LEVAQUIN | 623 | PROPECIA |
| 287 | YAZ/YASMIN/OCELLA | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | 629 | ZOSTAVAX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

CAM-L-001487-19   04/16/2019 9:56:57 AM  Pg 1 of 1 Trans ID: LCV2019672325

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-001487-19**

Case Caption: DIMALALUAN DIANE  VS WELLS FARGO BANK NA

Case Initiation Date: 04/16/2019

Attorney Name: TONI TELLES

Firm Name: ERIC A. SHORE, PC

Address: 201 LAUREL RD 8TH FL
VOORHEES NJ 08043

Phone:

Name of Party: PLAINTIFF : Dimalaluan, Diane

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES - 12 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? YES

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:
None

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO        Title 59? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/16/2019                                                                      /s/ TONI TELLES
Dated                                                                               Signed

CAM L 001487-19  04/17/2019 4:54:43 AM  Pg 1 of 1  Trans ID: LCV2019679048

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 379-2200
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   APRIL 16, 2019
                        RE:     DIMALALUAN DIANE   VS WELLS FARGO BANK NA
                        DOCKET: CAM L -001487 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON THOMAS T. BOOTH JR

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      302
AT:  (856) 379-2200 EXT 3080.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                               ATT: TONI TELLES
                               ERIC A. SHORE, PC
                               201 LAUREL RD 8TH FL
                               VOORHEES          NJ 08043

ECOURTS